Colin MAPP, Petitioner,

v.

Eric H. HOLDER, Jr., Respondent.

No. 08–3403–ag.

United States Court of Appeals, Second Circuit.

May 26, 2009.

Alan Michael Strauss, New York, NY, for Petitioner.

R. Alexander Goring, Department of Justice, Washington. DC, for Respondent.

Present ROSEMARY S. POOLER and PETER W. HALL, Circuit Judges, and ROBERT W. SWEET,[1] District Judge.

## SUMMARY ORDER

Petitioner Colin Mapp seeks review of the Board of Immigration Appeals' ("BIA") decision, dated June 11, 2008, denying his petition for discretionary relief under former Section 212(c) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. Section 1182(c).

There is no reasonable dispute about the facts. As stated in the IJ's opinion, Mapp, a native of Trinidad and Tobago, entered the United States as a lawful permanent resident in 1970, when he was eight years old. In 1987, and again in 1988, Mapp pleaded guilty in New York State courts for possession of stolen property. In March 1997, Mapp was served with an Order to Show Cause, which charged him with being a removable alien because of these two convictions. In October 1997, the Immigration Court found Mapp to be removable and ordered him deported to Trinidad. The following month, while his appeal to the BIA was pending, Mapp was convicted in U.S. District Court for the Eastern District of New York of possession of stolen property in violation of federal law. In June 1999, the BIA dismissed his appeal. In 2002, Mapp successfully petitioned the district court for an order vacating the 1997 deportation order and allowing him to apply for Section 212(c) relief.

At an October 2005 Immigration Court hearing, Mapp testified that he is married, has a twelve year-old daughter for whom he provides child support, and had been working full-time for a year and a half. Moreover, he testified that he had several other relatives in the United States, that he currently knew no one in Trinidad, and in fact had never returned to that country a single time since leaving in 1970.

Weighing his record of criminal convictions against the positive factors of his family and employment situations, the IJ determined that Mapp was eligible for a discretionary grant of relief under Section 212(c):

The adverse factors present in this case include the Respondent's criminal convictions in 1987, 1988, and 1997. Although Respondent is a repeat offender, having been convicted of substantially similar crimes on three separate occasions, he testified that the last conviction, in 1997, was a "wake up call" to him. He has had no criminal problem in the last seven years....

The Court also notes some affirmative factors that contribute to granting section 212(c) relief, including many family members in the United States.... The Respondent has a long history of providing child support for his daughter .... is working steadily, has joined a union, has been paying taxes and is trying to become a member of society. Having evaluated all the positive and negative factors in this case, the Court exercises its discretion to grant the Respondent relief under former section 212(c) of [The INA].

The Government filed a timely appeal. In its order, dated June 11, 2008, the BIA reversed:

1. The Honorable Robert W. Sweet, United States District Judge for the Southern District of New York, sitting by designation.

The record indicates that [Mapp] was placed in deportation proceedings in March 1997 and arrested in May 1997 for possession of stolen goods for which he was later convicted in November 1997. We find the fact that his last offense and conviction occurred while he was in deportation proceedings to be a significant adverse factor in this case. Furthermore, the respondent's multiple convictions for similar offenses spanning more than a decade are also factors weighing against a discretionary grant of relief. Therefore, although we recognize that the respondent has positive equities, we do not find them to be sufficient to outweigh the negative factors in this case.

One member of the BIA, Patricia Cole, issued a dissenting opinion which declared that "there are intricacies inherent in the respondent's claim, worthy of affording him a one time generous opportunity to redeem himself." Mapp filed a timely petition for review.

Where, as here, the BIA vacates the decision of the IJ, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. Section 1252(b)(4)(B). We will, however, vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Pursuant to 8 C.F.R. Section 1003.1(d)(3)(i), the BIA is prohibited from "engag[ing] in de novo review of findings of fact determined by an immigration judge" and that "[f]acts determined by the immigration judge ... shall be reviewed only to determine whether the find-ings of the immigration judge are clearly erroneous."

Mapp has persuasively argued that the BIA impermissibly found a fact not in evidence before the IJ when it declared that his 1997 federal "offense and conviction" for possession of stolen property "occurred while he was in deportation proceedings." As already noted, the IJ found that Mapp was *convicted* for this offense in November 1997. Further, the Government points out that the IJ also makes reference to Mapp having "committed the crime in 1997." The IJ, however, makes no statement that the crime was *committed* after March 1997, at which time Mapp was placed in deportation proceedings. Thus, the BIA's statement that the crime occurred while Mapp was in deportation proceedings is not based upon the record before the IJ.

The Government contends that this argument "cannot be made in good faith" because "Mapp inexplicably fails to acknowledge, that he testified on cross-examination that he 'did the crime in '97'." This is a troubling contention because, as Mapp demonstrates, the quoted statement is *not* Mapp's testimony; it is the statement of the Government attorney who was cross-examining him.

Mapp has submitted evidence, in the form of the Presentence Investigation Report relating to his 1997 conviction, that the offense was in fact committed in December 1995, a year and a half before he was placed in deportation proceedings. The Government correctly argues that this Court cannot properly consider this evidence upon a petition for review. But because Mapp has demonstrated that the BIA improperly found a fact which it held to be "a significant adverse factor" in denying him relief, he has certainly demonstrated that a remand to the agency would not be futile. Remand is therefore re-

quired. *See Diallo v. U.S. Dept. of Justice,* 548 F.3d 232, 237 (2d Cir.2008).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Board of Immigration Appeals is **VACATED** and **REMANDED.**

For the reasons stated above, the judgment of the district court is hereby VACATED AND REMANDED.